Robson Charles FREIRE, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71520.
Agency No. A77–814–919.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 2004.

Decided Feb. 9, 2005.

Angela Padilla, Morrison & Foerster, LLP, San Francisco, CA, for Petitioner.

Sharon Dulberg, McVey Mullery & Dulberg, San Francisco, CA, Kari Hong, San Leandro, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Andrew C. Maclachlan, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, KOZINSKI, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Freire asserts that the IJ erred by limiting the scope of his hearing and then using Freire's limited testimony as a basis for making an adverse credibility determination. We agree. Though the IJ discussed several bases for his adverse credibility determination, we are unable to conclude that the IJ's ultimate decision regarding credibility was not affected by Freire's unduly limited testimony. While this amounts to error, Freire would only be prejudiced if the error tainted the IJ's conclusion that Freire failed to establish extraordinary circumstances warranting acceptance of Freire's untimely asylum application. See 8 U.S.C. § 1158(a)(2)(B).

Though we are without jurisdiction to review an IJ's extraordinary circumstances finding, see 8 U.S.C. § 1158(a)(2)(D), (a)(3), it appears that the IJ's decision that

Freire failed to establish extraordinary circumstances excusing his untimely asylum application may have been affected by the error in using Freire's limited testimony against him. If this is so, Freire was prejudiced as a result of the IJ's error, which is enough for him to prevail on his due process challenge. *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000).

We therefore remand Freire's asylum claim to the BIA to determine whether the IJ's decision that extraordinary circumstances were not shown was affected by the IJ's erroneous credibility determination. If so, Freire would be entitled to another hearing in which to present his asylum claim. *See Perez–Lastor v. INS*, 208 F.3d 773, 783 (9th Cir.2000) (IJ due process violation requires remand to the BIA and thence to the IJ for a new hearing).

PETITION GRANTED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.